UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELSI KENNEDY, | : | **CIVIL NO.: 1:19-CV-00703** |
| Plaintiff, | : | (Judge Jones) |
| v. | : | (Chief Magistrate Judge Schwab) |
| GETTYSBURG COLLEGE, *et al.*, | : | |
| Defendants. | : | |

# ORDER
January 15, 2020

Gettysburg College ("defendant") served the Gettysburg Borough Police Department ("Department") with a subpoena for "all documents relating to plaintiff Kelsi Kennedy's report of sexual assault by Edward Carroll and other unknown individuals, as made to the Department on October 30, 2016, including but not limited to any reports, notes of interviews, notes of investigation, and evidence collected as a result of Kennedy's report." *See doc. 133*. The Department objected to the subpoena citing the Criminal History Record Information Act ("CHRIA"), 18 Pa. C.S. § 9101 *et seq*. *Id*. Thereafter, the defendant filed a letter detailing the dispute regarding release of the subpoenaed information. *Id*. On December 19, 2019, Judge Jones referred the discovery dispute to the undersigned. *Doc. 135*. We held a telephonic discovery conference on January 14, 2019.

Based on district court case law within the Third Circuit, we will order the Department to comply with the subpoena. CHRIA provides, in pertinent part, that:

> Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristics.

18 Pa. C.S. § 9106(c)(4). With regard to cases raising federal law claims, "[d]istrict courts within the Third Circuit have 'concluded that CHRIA does not compel a federal court to recognize a blanket privilege against the discovery of police reports containing investigation information or complaints against third persons simply because the Pennsylvania legislature may have enacted a privilege.'" *Parno v. Kane*, Civ. No. 1:16-CV-1949, 2017 WL 5900477 (M.D. Pa. 2017) (citing *Benedict v. McMahon*, 315 F.R.D. 447, 452 (E.D. Pa. 2016)). *See also Curtis v. McHenry*, 172 F.R.D. 162, 164 (W.D. Pa. 1997) (compelling production of police reports and finding no privilege for investigative information). We find no reason to depart from this authority.

Accordingly, **IT IS HEREBY ORDERED** that the Department is to comply with the defendant's subpoena. The department shall produce the documents as set forth in the subpoena within 60 days of **January 15, 2020**.

**S/Susan E. Schwab**
Susan E. Schwab
United States Magistrate Judge
